United States District Court
District of Massachusetts

```
_____
                               )
Fermin Aldabe,                 )
                               )
          Plaintiff,           )
                               )
          v.                   )      Civil Action No.
                               )      16-12268-NMG
Cornell University et al.,     )
                               )
          Defendants.          )
                               )
                               )
                               )
                               )
_____)
```

**MEMORANDUM & ORDER**

**GORTON, J.**

Here we have a dispute over the rejection and reclassification of certain written articles of plaintiff Fermin Aldabe ("plaintiff" or "Aldabe"). The articles were submitted to arXiv (pronounced "archive"), an online repository of manuscript preprints owned and operated by Cornell University ("Cornell"). Aldabe, who appears pro se, alleges that Cornell and the individual defendants who operate arXiv (collectively "defendants") breached a contract between the parties and violated the Copyright, Civil Rights, Sherman Antitrust and False Claims Acts.

Before the Court are 1) defendants' motion to control service and 2) defendants' motion to dismiss.

## I. Background

In 1991 the Los Alamos National Laboratory ("LANL") created an online repository of digital scientific "preprints". Physicists, mathematicians, economists and other academics publish their research as digital "preprints" before such research appears in a formal, peer-reviewed journal. These digital preprints take the place of draft articles researchers used to post on physical billboards in research labs. Originally maintained under the domain name xxx.lanl.gov, LANL secured arXiv.org as a domain name in 1998 and transferred arXiv to Cornell University Library in 2001.

Articles published on arXiv are not subject to the rigorous peer review process of formal journals. Instead, the research is subject to minimal oversight that includes reclassifying an article for a more appropriate category or removing an article that violates arXiv policies. With over one million scientific articles available to the public without cost, arXiv is the largest such repository in the world. It also plays a prominent role in the world of peer-reviewed journals, as some journals will not publish articles that lack an arXiv-assigned identification number.

Fermin Aldabe joined xxx.lanl.gov in 1994 as a post-doctoral fellow in theoretical physics and submitted a dozen articles to the website between 1995 and 1998.  Aldabe alleges that, after the 2001 transfer from LANL to Cornell, arXiv's continued publication of those articles was improper.

In a separate incident, Aldabe alleges that arXiv mistreated him with respect to an October, 2015, paper submission.  According to Aldabe, arXiv misclassified the paper as a general physics ("physics.gen-ph") paper, although Aldabe intended the paper to be categorized as a high energy theoretical physics ("hep-th") paper.  Aldabe explains that an author

> would prefer to flush his work down the toilet instead of selecting physics.gen-ph, [because those articles are] doomed to be ignored by most if not all members

of the international community of physicists.  This is because articles bearing the "hep-th" designation are featured closer to the top of arXiv's daily newsletter and because researchers searching arXiv's database may limit their search to the "hep-th" category.

Two weeks after the initial submission, during which time plaintiff and arXiv exchanged emails, arXiv rejected Aldabe's paper.  One month later, arXiv explained to Aldabe that the paper was "in need of significant review and revision before it

would be considered publishable."  Aldabe alleges that arXiv's real reason for rejection was that his name "sounds Muslim".

One year after the described incident, in November, 2016, the European Physical Journal C, a peer-reviewed journal, accepted Aldabe's paper for publication.  Upon submitting his article to arXiv again, Aldabe discovered that the paper was once again reclassified from "hep-th" to "physics.gen-ph".

Plaintiff filed his original complaint in November, 2016, and an amended complaint in March, 2017.  The defendants' motion to dismiss responds to that amended complaint.

The Court will address each count of the amended complaint seriatim.

## II. Analysis

### Class Action

Plaintiff brings each claim as a putative class action but, as a pro se litigant, he is not authorized to serve as the representative of a class.  See D. Mass L.R. 83.5.5(b) ("An individual appearing pro se may not represent any other party . . ."); Kerlinsky v. Sandoz, Inc., 2010 WL 4450494, at *2 (D. Mass. Oct. 25, 2010), report and recommendation adopted, 2010 WL 4450450 (D. Mass. Nov. 4, 2010).  Given that this litigation is at the motion-to-dismiss stage, however, the Court need not address the class certification issue at this time.

**Legal Standard**

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  In considering the merits of a motion to dismiss, the Court may look only to the facts alleged in the pleadings, documents attached as exhibits or incorporated by reference in the complaint and matters of which judicial notice can be taken. Nollet v. Justices of Trial Court of Mass., 83 F. Supp. 2d 204, 208 (D. Mass. 2000), aff'd, 248 F.3d 1127 (1st Cir. 2000).  Furthermore, the Court must accept all factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. Langadinos v. Am. Airlines, Inc., 199 F.3d 68, 69 (1st Cir. 2000).  If the facts in the complaint are sufficient to state a cause of action, a motion to dismiss the complaint must be denied. See Nollet, 83 F. Supp. 2d at 208.

Although a court must accept as true all of the factual allegations contained in a complaint, that doctrine is not applicable to legal conclusions. Ashcroft v. Iqbal, 556 U.S. 662 (2009).  Threadbare recitals of the legal elements which are supported by mere conclusory statements do not suffice to state a cause of action. Id. Accordingly, a complaint does not state a claim for relief where the well-pled facts fail to warrant an

inference of any more than the mere possibility of misconduct.
Id. at 1950.

**Count I – Copyright Violation**

Plaintiff alleges that defendants violated and continue to
violate copyright law by distributing papers on arXiv, without
consent, which plaintiff uploaded to xxx.lanl.gov from 1994 to
1998.  Defendants assert that the claim is time barred, that
plaintiff never registered copyrights for the relevant papers,
and that plaintiff granted arXiv an implied license to
distribute his work.  The Court agrees that the claim is time
barred and that defendant obtained an implied license and thus
will not address the registration contention.

Section 507(b) of the Copyright Act requires that a
plaintiff bring a civil action for copyright infringement
"within three years after the claim accrued." 17 U.S.C. §
507(b).  A claim accrues when a plaintiff "knows or has
sufficient reason to know of the conduct upon which the claim is
grounded." Warren Freedenfeld Assocs., Inc. v. McTigue, 531 F.3d
38, 44 (1st Cir. 2008).

Cornell University began operating arXiv.org, according to
plaintiff, no later than 2001 and distributed plaintiff's works
thereafter.  A minimum of 15 years passed between the time
Cornell allegedly first began to infringe plaintiff's copyrights
and the filing of plaintiff's complaint in 2016.  The statute of

limitations is three years.  Without providing any facts or particulars, plaintiff counters in his opposition that

> [t]o this day, Cornell uses xxx.lanl.gov to fraudulently
> conceal its ownership of Arxiv.

This claim is belied by plaintiff's statement in his amended complaint that, according to Wikipedia, Paul Ginsparg changed institutions to Cornell University in 1999, brought the xxx.lanl.gov repository with him and changed its name to arXiv.org.

Even were his claim not time-barred, plaintiff would have no copyright claim against defendants because, taking plaintiff's factual allegations as true, plaintiff granted arXiv an implied license to distribute his works.  Uses of copyrighted work that "stay within the scope of a nonexclusive license are immunized from infringement suits." John G. Danielson, Inc. v. Winchester-Conant Properties, Inc., 322 F.3d 26, 40 (1st Cir. 2003) (citing Graham v. James, 144 F.3d 229, 236 (2d Cir. 1998)).  An implied license exists where (1) the licensee requested the work, (2) the creator made and delivered the work and (3) the creator intended that the licensee copy and make use of the work. Estate of Hevia v. Portrio Corp., 602 F.3d 34, 41 (1st Cir. 2010).

Here, arXiv encouraged authors to submit articles to its website, Aldabe uploaded his paper to the licensee and Aldabe

agreed to let arXiv distribute his work for "the greater good" and betterment of the "scientific community as a whole." Because arXiv did not exceed the scope of the license, plaintiff's alleged facts, taken as true, do not state a claim for copyright infringement.

Plaintiff's claims for copyright infringement are barred by the statute of limitations and fail to state a claim upon which relief can be granted. Count I will be dismissed.

## Count II — Discrimination under the Civil Rights Act

Plaintiff alleges that defendants systematically discriminated against scientists on the basis of race, religion and national origin in violation of the Civil Rights Act, 42 U.S.C. § 1981.[1]  Defendants submit that the amended complaint fails to plead the necessary elements of a civil rights claim.

Section 1981, originally § 1 of the Civil Rights Act of 1866, protects the equal right of all citizens to "make and enforce contracts". See Domino's Pizza Inc., v. McDonald, 546 U.S. 470, 474 (2006) (quoting 42 U.S.C. § 1981(a)).  Section 1981 "can be violated only by purposeful discrimination." Gen. Bldg. Contractors Ass'n, Inc. v. Pennsylvania, 458 U.S. 375, 391 (1982).

---

[1] The Court reiterates that, as a pro se litigant, plaintiff cannot bring a claim on behalf of another party or group. See D. Mass L.R. 83.5.5(b)

Plaintiff's amended complaint is insufficient to state a cause of action under § 1981.  He relies on a "statistical analysis" he allegedly performed by comparing the names of authors who were reclassified with the names of those who were not.  Further, he states that he

> was discriminated [against] because his name was taken to be Muslim because it carries the same two first letters as Al Qaeda.

Such allegations, considered separately or together, are insufficient to state a claim under § 1981.

Plaintiff alleges that he performed a "statistical analysis" of reclassified and non-reclassified articles on arXiv showing

> with a 99.99% certainty [that] Brown Persons, Muslims, Easter (sic) Europeans and Indians were systematically discriminated [against].

Without any explanation as to how plaintiff identified persons as belonging to one of the described groups, the allegation is frivolous.  Even if the claim were true, however, it would sound in discriminatory impact, not discriminatory intent, and would not state a claim under § 1981.

His allegation bearing upon the first two letters of his name is not only untenable but also the kind of "threadbare recital[] of the elements of a cause of action, supported by mere conclusory statements" that does not suffice to state a claim for relief. See Iqbal, 556 U.S. at 678.

-9-

Plaintiff's § 1981 claim is dismissed for failure to state a claim upon which relief can be granted.

## Count III - Violation of the Sherman Antitrust Act

Plaintiff alleges that arXiv exerted monopoly power over him, a "supplier" in the "market of ideas", in violation of the Sherman Act.  Defendant contends that plaintiff lacks antitrust standing and fails to state an antitrust claim.

The Sherman Act prohibits

> [e]very contract, combination in the form of trust or otherwise, or conspiracy, in restraint of trade or commerce among the several States, or with foreign nations.

15 U.S.C. § 1.

To state a claim under § 1, a plaintiff must plead facts plausibly alleging that defendant acted as part of a conspiracy, agreement or arrangement. Gilbuilt Homes, Inc. v. Cont'l Homes of New England, a Div. of Wylain, Inc., 667 F.2d 209, 210 (1st Cir. 1981).  Plaintiff alleges that arXiv suppresses certain individuals "from distributing their ideas to curtail competition for government funding".  Even assuming that the Court accepts that assertion, plaintiff's allegations do not support the conclusion that defendant engaged in a common design, conspiracy or agreement to do a wrongful act. Accordingly, plaintiff has failed to state a claim under § 1 of the Sherman Act.

Section 2 of the Sherman Act makes it illegal to

> monopolize, or attempt to monopolize, or combine or
> conspire with any other person or persons, to monopolize
> any part of the trade or commerce among the several States,
> or with foreign nations.

15 U.S.C. § 2.

To state a monopolization claim under § 2, a plaintiff must adequately allege that defendant (1) has monopoly power in the relevant market and (2) has engaged in illicit "exclusionary practices" with "the design or effect of protecting or enhancing its monopoly position." Sterling Merch., Inc. v. Nestle, S.A., 656 F.3d 112, 125 (1st Cir. 2011) (quoting Coastal Fuels of P.R., Inc. v. Caribbean Petroleum Corp., 79 F.3d 182, 195 (1st Cir. 1996) (internal citation omitted)).

Plaintiff offers that the market was "clearly defined" in his amended complaint where he alleges that

> arXiv is not just a eprint or preprint archive, it is also
> a choke that scientists have to overcome in order to
> publish.

The statement is not one of fact but rather an unsubstantiated conclusion. The global "market for ideas" is not a clearly defined market. Furthermore, when determining if a complaint sufficiently pleads the existence of a monopoly in a market, district courts require specific economic data such as defendant's market share, market trends, entry barriers, geographic market and the defendant's economic power in that market. See CCBN.Com, Inc. v. Thomson Fin., Inc., 270 F. Supp.

-11-

2d 146, 157 (D. Mass. 2003).  Plaintiff fails to plead facts demonstrating that arXiv had a monopoly or a dangerous probability of achieving one, even were the Court to accept that the global market for ideas is sufficiently defined.

Defendants' motion to dismiss plaintiff's claim under sections 1 and 2 of the Sherman Act for failure to state a claim upon which relief can be granted will be allowed.

## Count IV – Violation of the False Claims Act

Plaintiff alleges that arXiv's suppression of certain research defrauded NASA, the Department of Energy and other government organizations that award grant funding by benefitting the subpar work of Cornell researchers.  Defendants respond that plaintiff has failed to comply with the notification and filing requirements of the False Claims Act and that plaintiff's claims are too general to satisfy Fed. R. Civ. P. 9(b).

The False Claims Act makes

> any person who knowingly presents, or causes to be presented, a false or fraudulent claim for payment or approval . . . liable to the United States government.

31 U.S.C. § 3729(a)(1).

Because False Claims Act actions sound in fraud, they are governed by heightened pleading standard of Federal Rule of Civil Procedure 9(b).  Lawton ex rel. United States v. Takeda Pharm. Co., Ltd., 842 F.3d 125, 130 (1st Cir. 2016).  That rule provides that in alleging fraud, "a party must state with

particularity the circumstances constituting fraud or mistake."
Fed. R. Civ. P. 9(b).  The First Circuit Court of Appeals
("First Circuit") has repeatedly explained that relators must
"set forth with particularity the who, what, when, where, and
how of the alleged fraud". <u>Lawton</u>, 842 F.3d at 130 (quoting
<u>United States ex rel. Ge</u> v. <u>Takeda Pharm. Co., Ltd.</u>, 737 F.3d
116, 123 (1st Cir. 2013)) (additional citation omitted).

Plaintiff has failed to provide that particularity.  The
defendants must be engaged in fraud, plaintiff opines, because
"a professor cannot be a professor at Cornell unless he has won
grants".  This kind of <u>res</u> <u>ipsa</u> <u>loquitur</u> allegation fails to
satisfy Rule 9(b)'s heightened pleading requirement.

Defendants' motion to dismiss plaintiff's False Claims Act
count for failure to satisfy Rule 9(b) will be allowed.  Given
the plaintiff's failure to satisfy Rule 9, the Court need not
address his notification and filing deficiencies.

## Count V – Breach of Contract

Plaintiff contends that that he entered into a contract
with arXiv in October, 2015, when he submitted one of his papers
to it.  Defendants breached the contract, plaintiff maintains,
by 1) failing to provide specific grounds for the article's
rejection, 2) reclassifying the article from the prestigious
"hep-th" label to the underwhelming "physics.gen-ph" tag, and 3)
not providing an arXiv ID for the paper in a "typical time".

-13-

Defendant responds that plaintiff's submission merely constituted an offer, that no contract was consummated, that no breach occurred and that plaintiff's alleged harms are outside the bounds of legally-cognizable contract damages.

Even if a contract had been formed and plaintiff had properly alleged damages, the complaint fails to allege that the contract was materially breached.

Under Massachusetts law, a plaintiff asserting breach of contract must demonstrate that (1) an agreement was made between plaintiff and defendant that was supported by consideration, (2) plaintiff was ready, willing and able to perform, (3) defendant failed to perform a material obligation provided for in the contract and (4) plaintiff suffered harm caused by defendant's failure to perform. Coady Corp. v. Toyota Motor Distributors, Inc., 346 F. Supp. 2d 225, 248 (D. Mass. 2003), aff'd, 361 F.3d 50 (1st Cir. 2004) (citing Singarella v. City of Boston, 342 Mass. 385, 387 (1961)). A breach of contract is material "when it involves an essential and inducing feature of the contract." EventMonitor, Inc. v. Leness, 473 Mass. 540, 546 (2016) (citations omitted) (internal quotation omitted).

Plaintiff asserts that arXiv materially breached its promise to

> follow the moderation procedure with integrity and if successful to exhibit and distribute plaintiff's scientific

> article. If not, to provide a reason so that author could
> address it and resubmit it once resolved.

Accepting plaintiff's factual allegations as true, the amended complaint fails to allege that arXiv deviated from its moderation procedure. That procedure provides several potential reasons for removal of an article, including inappropriate format, inappropriate topic, duplicated content, submission of copyrighted material and excessive submission rate.

When arXiv rejected Aldabe's paper, it did so with the explanation that the paper was "in need of significant review and revision." Plaintiff thus was given a reason for the rejection and Aldabe admits that arXiv was entitled to reject or remove articles for being in an "inappropriate format". The arXiv website defines "inappropriate format" to include "papers in need of significant review and revision." According to plaintiff's own allegations, then, no material breach of a contract occurred.

Plaintiff also includes alleged breaches of terms that do not exist in the on-line agreement. He alleges that arXiv promised to "state with good reason" why an article lacks scientific quality. He further claims that arXiv breached its agreement by not providing an arXiv ID in a "typical time". As to the former allegation, arXiv clearly states that website administrators "cannot provide detailed feedback regarding

submissions deemed inappropriate." As to the latter, plaintiff points to no provision governing the timeliness of arXiv's approval process.

Finally, plaintiff alleges that defendants breached the contract by rejecting his work in October, 2015, and reclassifying his paper to "physics.gen-ph" in November, 2016. Prior to submitting those papers, however, Aldabe agreed to arXiv's policy statement providing that "I understand that arXiv.org reserves the right to reclassify or reject any submission." Accordingly, arXiv did not materially breach any contract by rejecting or reclassifying plaintiff's work.

Plaintiff fails to allege that any material feature of the alleged contract was breached.

Defendants' motion to dismiss plaintiff's claim of breach of contract for failure to state a claim upon which relief can be granted will be allowed.

## Claims against Individual Defendants and the Simons Foundation

In addition to suing Cornell University, plaintiff brings his claims against a handful of individual defendants and the Simons Foundation. The only individual defendant who is mentioned in the body of the amended complaint is Paul Ginsparg and he allegedly played a role in Cornell's copyright infringement. However, plaintiff's copyright claim fails, as described above. Plaintiff also alleges that the Simons

Foundation "aided and abetted" Cornell University's discrimination against him, but that claim fails as well because the underlying discrimination charge will be dismissed.

The substance and structure of a plaintiff's complaint "must give the defendants notice of the nature of the claim against them." Ruivo v. Wells Fargo Bank, N.A., 766 F.3d 87, 91 (1st Cir. 2014) (citing Cortés-Rivera v. Department of Corrections & Rehabilitation, 626 F.3d 21, 28-29 (1st Cir. 2010)).  Where a complaint omits any reference to individual defendants, no such notice is provided.  Accordingly, courts dismiss causes of action for failure to state a claim as to unmentioned individual defendants. See, e.g., Keane v. Navarro, 345 F. Supp. 2d 9, 12 (D. Mass. 2004).

The Court has explained that each count in plaintiff's amended complaint fails against Cornell University and the individuals who operate arXiv.  In addition, however, the copyright count against Ginsparg and the discrimination count against Simons Foundation will be dismissed for failure to state a claim upon which relief can be granted, as will all counts against the individual defendants who are not mentioned in the body of the complaint.

### III. Motion to Control Service

Defendants have filed a motion to control service of plaintiff's amended complaint on the 70 individual defendants

who are not specifically mentioned therein.  The motion requests
that the court order plaintiff to refrain from serving those
defendants until the Court rules on their pending motion to
dismiss.

Defendants assert that plaintiff has named multiple
individuals "to use his amended complaint as an instrument of
harassment".  In support of that assertion, defendants point to
emails plaintiff exchanged with defendants' counsel and directly
with individual defendants.  In one such message to defense
counsel, plaintiff explains:

> Give me some credit and consider that I may make it stick
> and that all those defendants will have their names
> plastered on the internet unnecessarily.

In another, sent directly to a defendant, plaintiff states

> Isn't cool that if you google your name the claim comes up
> for everybody to see!!

Plaintiff responds that this motion has no basis in law,
and that blocking service would deny his right to petition the
government and violate his right to due process.

Because the Court will allow the motion to dismiss with
respect to the class of individual defendants who are not
specifically mentioned in the body of the amended complaint,
defendants' motion will be denied as moot.

## VI. Dismissal with prejudice

Plaintiff has already been permitted to amend his complaint once to bring it into compliance with the Federal Rules of Civil Procedure and to include factual allegations pertaining to defendants' alleged misdeeds.  Nevertheless, the amended complaint still fails to state any claim upon which relief can be granted.  Because the Court will allow the defendants' motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), the dismissal is "a final decision on the merits, and is thus with prejudice." Foran v. Stryker Sales Corp., 2011 WL 652778 at *1 (D. Mass. Feb. 14, 2011) (citing Acevedo-Villalobos v. Hernandez, 22 F.3d 384, 388 (1st Cir. 1994)).

A district court "should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2).  That low standard is not met in this case.  Where a movant evinces futility, bad faith, undue delay, or a dilatory motive, amendment is not warranted. See Grant v. News Group Boston, Inc., 55 F.3d 1, 5 (1st Cir. 1995).  Amending a complaint is futile if the amended complaint "could not withstand a 12(b)(6) motion to dismiss." Hatch v. Dep't for Children, Youth & Their Families, 274 F.3d 12, 19 (1st Cir. 2001) (quoting Rose v. Hartford Underwriters Ins. Co., 203 F.3d 417, 421 (6th Cir. 2000)).

Here, the Court finds that further leave to amend plaintiff's complaint would be futile. His opposition to the motion to dismiss included new allegations and 20 new exhibits. That new information does not cure the defects of plaintiff's amended complaint and does not help him state a claim upon which relief can be granted. Instead, it consists of speculation and conclusory statements. Plaintiff's complaint will be dismissed in its entirety, with prejudice.

**ORDER**

For the foregoing reasons, defendant's motion to dismiss, (Docket No. 27), is **ALLOWED** and defendant's motion to control service (Docket No. 24) is **DENIED AS MOOT**.

**So ordered.**

/s/ Nathaniel M. Gorton
Nathaniel M. Gorton
United States District Judge

Dated November 7, 2017